UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MODESTO HERNANDEZ,
an individual,

             CIVIL ACTION NO.

     Plaintiff,

vs.

PAVILIONS AT BUCKLAND HILLS, L.L.C.
a Connecticut Limited Liability Company,

     Defendant.

**COMPLAINT**

Plaintiff, MODESTO HERNANDEZ, by and through his undersigned counsel, hereby files this Complaint and sues PAVILIONS AT BUCKLAND HILLS, L.L.C., a Connecticut Limited Liability Company for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

**JURISDICTION AND PARTIES**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.    Plaintiff, MODESTO HERNANDEZ, (hereinafter referred to as "MR. HERNANDEZ"), is a resident of the State of New York.

4.    MR. HERNANDEZ is a qualified individual with a disability under the ADA. MR. HERNANDEZ suffers from Polio and requires a wheelchair to ambulate safely.

5.  Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.  The Defendant, PAVILIONS AT BUCKLAND HILLS, L.L.C., (hereinafter "PAVILIONS AT BUCKLAND" or "DEFENDANT") is a Connecticut Limited Liability Company. Upon information and belief, the Defendant is the owner, lessee, and/or operator of a place of public accommodation, including the real property and improvements which is the subject of this action, to wit: Buckland Hills Mall, generally located at 194 Buckland Hills Drive, Manchester, Connecticut 06042.

7.  All events giving rise to this lawsuit occurred in the District of Connecticut, Hartford County, Connecticut.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.  Plaintiff realleges and reavers Paragraphs 1 - 8 as if they were expressly restated herein.

9.  Buckland Hills Mall ("the Property") is a place of public accommodation, subject to the ADA, generally located at 194 Buckland Hills Drive, Manchester, Connecticut 06042.

10. MR. HERNANDEZ has visited the Property, generally located at 194 Buckland Hills Drive, Manchester, Connecticut 06042 and plans to return in the near future.

11. During his visit, MR. HERNANDEZ experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in Paragraph 14 of this Complaint.

12. MR. HERNANDEZ continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which continue to exist.

2

13.   MR. HERNANDEZ plans to and will visit the Property during his future trips to the area, however, he fears that he will face the same barriers to access as discussed in Paragraph 14 and any other barriers which have not been removed.

14.   DEFENDANT is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to, but not limited to, the following violations:

      A.   inaccessible parking due to presence of excessive cross slopes and long slopes, improper access aisles, and inadequate width;

      B.   inaccessible entrances due to the presence of excessive lips;

      C.   inaccessible counters due to excessive heights;

      D.   inaccessible ramps and curb cuts throughout the property due to a lack of proper handrails and excessive slopes, side flares and lack of level landings;

      E.   inaccessible merchandise aisles due to lack of width; and

      F.   inaccessible route to entrance due to excessive cross slopes.

15.   The discriminatory violations described in Paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16.   Furthermore, DEFENDANT continues to discriminate against the Plaintiff, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges,

advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.   To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18.   Independent of his intent to return as a patron of the goods and services located at the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access discussed herein have been remedied.

19.   Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on DEFENDANT.

20.   Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

21.   The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by DEFENDANT pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A.   That the Court declares that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

4

B.    That the Court enter an Order directing DEFENDANT to alter the

facility to make it accessible to and useable by individuals with

disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing DEFENDANT to evaluate

and neutralize its policies and procedures towards persons with

disabilities for such reasonable time so as to allow Defendant to

undertake and complete corrective procedures.

D.    That the Court award reasonable attorney's fees, costs (including

expert fees), and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems

necessary, just and proper.

Respectfully Submitted,
KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com

By: _____

Bar ID No.: ct25510
KU & MUSSMAN, P.A.
Attorneys for Plaintiff
Ioannis A. Kaloidis, Esq.
Of Counsel
21 Holmes Avenue
Waterbury, CT  06710
Tel: (203) 597-0010
Fax: (203) 597-0024
john@kaloidislaw.com

5